NO. 07-03-0456-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 15, 2005

______________________________

DEREK RAY HANCHETT, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 258
TH
 DISTRICT COURT OF POLK COUNTY;

NO. 16,996; HON. ELIZABETH E. COKER, PRESIDING

_______________________________

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant, Derek Ray Hanchett appeals his conviction for possessing a prohibited weapon.  He pled not guilty.  The case was tried to a jury, which found him guilty of the charge.  Thereafter, the trial court assessed punishment at five years imprisonment. Appellant timely appealed the decision and received appointed counsel.  

Appellant's counsel has now moved to withdraw, after filing a brief pursuant to 
Anders v. California
, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing that he searched the record and found no arguable grounds for reversal.  The record illustrates that counsel notified appellant of his right to review the appellate record and file his own brief or response.  Appellant did so, and in it, he asserted 
that his trial attorney was ineffective and that the evidence was insufficient because hearsay was introduced to link him to the crime.  

Regarding the former allegation, his counsel allegedly 1) failed to visit him, 2) argued with him, 3) failed to explain procedural matters to him, 4) denied him opportunity to have input into the jury selection process, 5) failed to object to the jury’s composition, and 6) raised the issue of appellant’s competency “to stall and keep me in jail.”  Each allegation is conclusory in nature and is not supported by citation to either the record or legal authority.  So too does the record lack either evidence supporting the allegations or evidence illustrating why counsel did what he did, assuming the allegations are true.  
See Thompson v. State
, 9 S.W.3d 808 (Tex. Crim. App. 1999) (rejecting the claims of ineffectiveness because the record provided no explanation as to why counsel chose not to object).  Similarly, appellant did not attempt to explain how he was supposedly harmed by the alleged misconduct, as required by applicable authority.  
Id.
  Given these circumstances, we cannot say that he upheld his burden to establish that trial counsel was ineffective.

As to the matter of the admission of hearsay, appellant neglected to inform the court of the purported hearsay to which he alludes.  Moreover, we reviewed the record 
sua sponte
 to determine whether it contained sufficient admissible evidence upon which a rational jury could conclude beyond reasonable doubt that appellant possessed the weapon in question.  Our review led us to conclude that it did.  It also led us to conclude that even though appellant denied the accusations at trial, that did not overwhelm the evidence establishing his guilt or render the verdict improper or unjust.  

In reviewing the record, we also attempted to determine whether there existed any other possible reversible error per the duty imposed on us by 
Stafford v. State,
 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review).  We found none.

Accordingly, we agree with appellate counsel’s representations concerning the absence of arguable issues, grant his motion to withdraw, and affirm the judgment of the trial court. 

                                          

Brian Quinn 

                                                Justice 

Do not publish. ê_________________________________

FROM THE 72
ND
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 97-560-756; HONORABLE J. BLAIR CHERRY, JR., JUDGE

_______________________________

CONCURRING OPINION

I join in the opinion by Chief Justice John T. Boyd, however I write separately regarding movants’ contention that Justice Brian Quinn should recuse himself because  he has a “financial interest in the subject matter in controversy or in a party to the proceeding” from a slightly different perspective.  

  Movants contend that because Texas Tech School of Law provides Justice Quinn with an office and he serves as an instructor on a part-time basis at the School of Law compels that he should be recused.  I disagree.  The alleged financial interest is not grounds for recusal under Rules 16.1, 16.2, 16.3 of the Texas Rules of Appellate Procedure, nor Rule 18b(2) and (f)(ii) of the Texas Rules of Civil Procedure as movants contend.   First, any benefit accruing to Justice Quinn is not a “financial interest in the subject matter in controversy or in a party to the proceeding.”  Tex. R. Civ. P. 18b(2)(3).  Second, Texas law recognizes the common law maximum of 
 de minimis non curat lex.
(footnote: 1) HSAM Inc. v. Gatter, 814 S.W. 2d. 887, 892 (Tex.App.--San Antonio 1991, writ dism’d by agr.).  Movants have not cited any authority holding or suggesting that in actions where the State of Texas is a party, that because State judges or justices are on the State payroll, they have a financial interest or other interest requiring their recusal.  Similarly, even though Texas Tech University provides Justice Quinn with an office, and he teaches part-time at the School of Law, the
 de minimus
 applies to whatever financial interest may be implicated.

Don H. Reavis

                                                                                Justice

Publish.

FOOTNOTES
1: